**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICKELL COOPER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | |
| | § | |
| **KIRBY INLAND MARINE, LP** | § | |
| **Defendants.** | § | **JURY DEMANDED** |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**MICKELL COOPER**, Plaintiff in the above numbered and styled cause, files his Original Complaint, complaining of **KIRBY INLAND MARINE, LP,** Defendant herein, and in support thereof shows this Court as follows:

This is a suit in law and in equity, authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. §1981 and the Texas Commission on Human Rights Act, Chapter 21 of the Texas Labor Code ("TCHRA"). The jurisdiction of this Court is invoked to secure the protection of and redress the deprivation of rights secured by these laws protecting people such as the Plaintiff from employment discrimination, including but not limited to termination and a hostile work environment, based on race and color (Black/African American).

1

**Venue**

1.      Venue is proper in the U.S. District Court for the Southern District of Texas, Houston Division.  Venue in this Court is provided for in any district in which the private employer of the person maintains a place of business pursuant to 28 U.S.C. § 1391(b). A substantial part, if not all, of the cause of action accrued or arose in the Southern District of Texas. Defendant maintains sufficient business contacts within a county in the Houston Division. Furthermore, the Plaintiff resided within the Houston Division during the pertinent time-period in question.

**Parties**

2.      Mickell Cooper ("Cooper", Black/African American) is a United States citizen and was residing in Texas during the relevant time-period of his claims.  At all times material hereto, Cooper was an employee of Defendant, as understood and defined by Title VII, 42 U.S.C. §1981 and the TCHRA.

3.      Defendant Kirby Inland Marine, LP. is a corporation.  It may be served with this lawsuit by serving its registered agent for service of process, Corporation Service Company D/B/A CSC-Lawyers INCO, 211 E.7th Street, Suite 620, Austin, TX 78701. At all times material hereto, Defendant was Cooper's employer, as understood and defined by Title VII, 42 U.S.C. §1981 and the TCHRA.

2

**Facts[1]**

4.    Cooper began his employment with Defendant on or about March 1, 2012, and was promoted to the position of Crew Driver for the Crew Change Department in 2016.

5.    From 2012 to 2017, Cooper had no issues with his employment or performance evaluations. However, soon after Tara Kilgore (White/Caucasian) became his supervisor in 2017, he began experiencing negative treatment.

6.    On or about June/July 2018, Ms. Kilgore contacted Cooper about eliminating his position. At that time, Cooper was working the night shift for the Crew Change Department, transporting crew members. Also, during this time-period Ms. Kilgore severely reduced Cooper's pay. Cooper stayed in his position, but his pay was reduced from approximately $55,000 to $65,000 a year all the way down to around $25,000 a year. From on or about the year Cooper's salary was reduced, and for each year Cooper was employed by the Defendant until he was unlawfully terminated in 2024 his pay and compensation was less than his similarly situated coworkers. At the time of his unlawful termination his salary was approximately $40,000 a year. However, while Cooper's pay was reduced, the 3 White/Hispanic Crew Drivers made more than him and they were permitted to work more hours than him with little or no experience, even though Cooper was senior to them as he had worked for the Defendant for over decade.

---

1   These facts are by no means exhaustive.

7.  Cooper used to receive yearly increases to his salary, but after Ms. Kilgore became his supervisor, he began to not receive the same yearly increases to his salary and compensation as he did in his prior years of employment with the Defendant, while his similarly situated White/Hispanic coworkers did.

8.  In 2024, Cooper was the only African American night shift driver employed by the Defendant. During this time, he was treated differently compared to his similarly situated White coworkers.

9.  For example, a white day shift driver named Jacob was caught falling asleep while driving in 2024. Despite this serious safety violation, Jacob was not terminated but was instead reassigned to another position by Tara Kilgore.

10. In contrast, Cooper was suspended for approximately two weeks in 2020; after reporting a crack pipe or meth pipe he found in his company truck. Cooper voluntarily reported the item to the dispatch office, yet he was subjected to drug testing and an investigation, even though he has never used drugs or alcohol.

11. During Cooper's suspension, he was eventually paid, but the investigation and suspension were unwarranted and caused undue stress.

12. Cooper was also denied overtime opportunities that were regularly given to White day shift drivers. Although Cooper worked the same number of hours as the day shift drivers, they were approved to work overtime while he was not.

13. On or about November 18, 2024, Cooper was terminated based on allegations made by Erica Garcia (Hispanic), a dispatcher, and others. These allegations included claims that Cooper made inappropriate comments and spread rumors about Ms. Garcia, all of which are false.

4

14. During the course of being terminated on or about November 18, 2024, and after his termination, Cooper was never afforded a genuine opportunity to properly defend himself against the false allegations towards him. To be clear. during this whole process, Cooper was never asked his side of the story or given any specific information/details about the false allegations that were being held against him. Cooper was not afforded the opportunity to defend himself against the pretextual reasons that the Defendant used to terminate his employment.

15. Cooper had minimal interaction with Ms. Garcia, seeing her only every two to three months during shift changes. Their conversations were strictly work-related, and he never made any inappropriate comments or spread rumors about her.

16. Ms. Garcia herself admitted to Cooper that she had heard rumors about her own conduct, including allegations of a nude photo being circulated. Ms. Garcia also admitted to attending a safety seminar with a captain, which led to rumors about her.

17. Ms. Garcia has told Cooper on multiple occasions that she comes to work high and has left the office to smoke marijuana. This behavior was known to other employees, including Denise Lozano, Emily Braswell, and Daniel Guzman.

18. Despite Ms. Garcia's conduct, she remains employed by the Defendant, while Cooper was terminated based on unsubstantiated allegations.

19. It should also be noted that the Defendant also falsely accused Cooper of angrily following a female employee out of the building and to her vehicle. This allegation is simply not true. Cooper was already in the parking lot, and the

female employee (Ms. Garcia), came out after Cooper went to the parking lot. Ms. Garcia had to walk past Cooper to get to her car, he never angerly followed Ms. Garcia out of the building and to her vehicle.

20. During his employment with the Defendant, Cooper consistently met or exceeded expectations in his performance evaluations, except during the period when Tara Kilgore was his supervisor. Ms. Kilgore's evaluations of Cooper were intentionally unfair, motivated by discriminatory animus towards him, and inconsistent with his actual performance.

21. Cooper's termination and the differential treatment he experienced were motivated by and/or because of race and color discrimination. Other African American employees under Tara Kilgore's supervision were also either terminated or left the company due to her treatment.

22. Cooper also filed a Charge of Discrimination with the EEOC against Kirby Inland Marine, LP on or about May 8, 2025. This EEOC Charge was given the following identifier: EEOC Charge No. 460-2025-06036. The EEOC issued its Notice of Right to Sue for EEOC Charge No. 460-2025-06036 on November 14, 2025.

23. The Defendant embarked on a continuous campaign of sabotage against Cooper as form of ongoing race and color discrimination by subjecting him to disparate treatment in the terms and conditions of his employment and subjected him to a discriminatory hostile work environment, including but not limited to, continuously attempting to set him up for failure with the goal of terminating his employment, discriminatory sham investigations without giving him the

opportunity to defend himself against false allegations, negative performance evaluations, loss of overtime opportunities, reduction in pay, reduction in yearly salary increases, reduction in salary, wage/compensation disparities, excessively monitoring him, suspending him, forcing him to report to the discriminatory management officials, threats of termination/eliminating his position, treating him differently than his similarly situated coworkers, subjected to repeated false and unsubstantiated allegations, creating reputational harm and unlawfully terminating his employment on or about November 18, 2024.

24.    The Defendant's unlawful and discriminatory practices toward Cooper were intentional.

25.    The Defendant's unlawful and discriminatory practices are willful and were done with malice or with reckless indifference for the federal and state protected rights of Cooper.

## CAUSES OF ACTION

26.    Plaintiff hereby incorporate all facts stated in the preceding paragraphs as if set forth fully herein.

**Race Discrimination and Color Discrimination under Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. §1981**

27.    The Defendant has intentionally discriminated against Plaintiff based on his race and color (Black/African American), subjected Plaintiff to disparate treatment in the terms and conditions of his employment, subjected Plaintiff to a hostile work environment and terminated Plaintiff due to his race and color in violation of 42 U.S.C. §1981.

28. As a result of Defendant's actions in violating provisions of 42 U.S.C. §1981 as described herein, Plaintiff has suffered and continues to suffer a loss of wages, benefits and other compensation due in the past and which will be suffered and due in the future.

29. As a result of Defendant's actions in violating provisions of 42 U.S.C. §1981 as described herein, Plaintiff has suffered from severe mental anguish.

**Race Discrimination and Color Discrimination under Title VII of the Civil Rights Act of 1964**

30. Defendant's intentional discrimination against Plaintiff was motivated by his race and color (Black/African American). Defendant subjected Plaintiff to disparate treatment in the terms and conditions of his employment, subjected Plaintiff to a hostile work environment and terminated Plaintiff, motivated by his race and color in violation of Title VII.

31. As a result of Defendant's actions in violating provisions of Title VII as described herein, Plaintiff has suffered and continues to suffer a loss of wages, benefits and other compensation due in the past and which will be suffered and due in the future.

32. As a result of Defendant's actions in violating provisions of Title VII as described herein, Plaintiff has suffered from severe mental anguish.

**Race Discrimination and Color Discrimination under the Texas Commission on Human Rights Act ("TCHRA")**

33. Defendant's intentional discrimination against Plaintiff was motivated by his race and color (Black/African American). Defendant subjected Plaintiff to disparate treatment in the terms and conditions of his employment, subjected

Plaintiff to a hostile work environment and terminated Plaintiff, motivated by his race and color in violation of the TCHRA.

34. As a result of Defendant's actions in violating provisions of the TCHRA as described herein, Plaintiff has suffered and continues to suffer a loss of wages, benefits and other compensation due in the past and which will be suffered and due in the future.

35. As a result of Defendant's actions in violating provisions of the TCHRA as described herein, Plaintiff has suffered from severe mental anguish.

## DAMAGES

36. Plaintiff seeks actual damages, including but not limited to lost wages and benefits and front pay and benefits.

37. As a result of Defendant's intentional, discriminatory and unlawful acts described above, Plaintiff has suffered and continues to suffer actual damages and compensatory damages including but not limited to mental anguish, humiliation, medical expenses, emotional distress and damage to his professional reputation, all to his detriment and compensable at law.

38. Plaintiff also sues for the recovery of punitive damages as authorized by statute.

39. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this action for preliminary and permanent injunction is the only available means of securing adequate relief. Plaintiff presently suffers and will continue to suffer irreparable injuries from Defendant's policies, practices, customs, and usages set forth herein.

40. The effect, purpose and intent of the policies and practices pursued by

Defendant has been and continues to be to limit, classify, and willfully discriminate against employees on the basis of their race and color, and otherwise adversely affect their status as employees because of same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court advance this cause on the docket, order a speedy trial at the earliest practicable date and cause this case in every way to be expedited and upon such hearing to:

a. Grant Plaintiff a preliminary and permanent injunction enjoining Defendant, its agents and employees and those acts from continuing to maintain the policies, practices, customs or usages which discriminate against Plaintiff because of race, color, or otherwise deprive Plaintiff of his rights and privileges secured by Federal and State Law.

b. Grant Plaintiff a declaratory judgment that the practices, policies, customs and usages complained of herein are violative of his rights protected by Title VII, 42 U.S.C. §1981 and the TCHRA.

c. Order the Defendant to grant Plaintiff additional equitable, actual and compensatory relief, requiring said Defendant to make Plaintiff whole, including but not limited to promotions, back pay and front pay including all accrued interest, insurance benefits, medical expenses, pension benefits, bonuses, vacation benefits, sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant and incidental to each such position sought by Plaintiff, as authorized by statute.

d. Back pay and benefits.

e. Lost wages.

f. Prejudgment interest and post-judgment interest as allowed by law on back pay and benefits.

g. Front pay and benefits.

h. Order the Defendant to pay Plaintiff compensatory damages for emotional pain and suffering, mental anguish, inconvenience, reputational harm, emotional distress, physical pain and suffering, loss of enjoyment of life, medical expenses and humiliation.

i. Order the Defendant to pay Plaintiff punitive damages.

j. Grant an Order restraining Defendant from any retaliation against Plaintiff for participation in any form in this action.

k. Attorney's fees and costs, including but not limited expert witness fees.

l. Grant Plaintiff his costs incurred herein, and as part of such costs, reasonable Attorneys' fees and Expert witness fees and such further, additional or alternative relief and affirmative action orders as may appear equitable and just.

m. For any other relief this Court deems just and equitable.

Respectfully submitted,

By:    /S/ Ashok Bail_____
**ASHOK BAIL**
**The Bail Law Firm, PLLC**
STAT BAR #24043541
3131 Eastside St., Suite 440
Houston, Texas 77098
(832) 216-6693 (Tel)
(832) 263-0616 (Fax)
ashok@baillawfirm.com

ATTORNEYS FOR PLAINTIFF

11